Jacob Miller v. Commissioner.
Miller v. Commissioner
Docket No. 51310.
United States Tax Court
T.C. Memo 1956-4; 1956 Tax Ct. Memo LEXIS 292; 15 T.C.M. (CCH) 21; T.C.M. (RIA) 56004; January 12, 1956
*292 On the facts, held, (1) Under section 25(b)(1)(D) and (b)(3) of the 1939 Code, petitioner is entitled to dependency credits in the year 1950 for a nephew and for a niece. (2) Petitioner has failed to prove that he is entitled to a dependency credit in 1950 for a brother. Jacob Miller, pro se. Clarence Brazill, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency in income tax for 1950 in the amount $351of. The questions to be decided are whether the petitioner is entitled to three dependency credits under section 25(b)(1)(D) and (b)(3) of the 1939 Code for a nephew, a niece, and a brother. Findings of Fact The petitioner is a resident *293 of Yonkers, New York. He filed his return for the taxable year, 1950, with the collector for the 14th district of New York. During the taxable year, the petitioner was unmarried. His mother passed away in 1949. He occupied one part of a two-family house which he owns. His brother, Samuel, shared the apartment in which the petitioner resided during 1950. Another brother of the petitioner is Alexander Miller, a married man, who is the father of two children, Arthur and Meline. Alexander maintained his own separate home for himself and his wife and children during 1950. Alexander suffered a cerebral hemorrhage in March 1950 as a result of which he was hospitalized in the West Kingsbridge Road Veterans' Hospital in the Bronx, New York. He remained in the hospital until some time in December 1950. Alexander was unemployed during all of 1950. He had no income from any source during 1950 except a veteran's allowance of $60 per month which was paid to him after he became ill. Alexander's wife had no income of her own from any source. During 1950, from the time that Alexander was taken ill throughout the remainder of 1950, the petitioner paid Alexander's wife $25 a week for the support *294 of the two children, Arthur and Meline. Neither one of the children had any income during 1950. Each of the children, Arthur and Meline, received over half of his and her support from the petitioner during 1950. The petitioner's brother, Samuel, was unemployed during 1950. He was then about 49 years of age. He was employed in 1949 in a shipyard in Bayonne, New Jersey. Samuel's trade is tinsmith and pipe fitter. In 1950 he had about $1,200 savings represented by bonds. The petitioner contributed to his support during 1950. Opinion In his income tax return for 1950, the petitioner claimed three dependency credits for his brother, Samuel, his nephew, Arthur, and his niece, Meline. The Commissioner disallowed each one of the dependency credits. In order to obtain a dependency credit, or exemption, a taxpayer must show that an alleged "dependent" has less than $600 gross income, and that the "dependent" received over half of his support in the taxable year from the taxpayer. Section 25(b)(1)(D) and (b)(3). The petitioner has the burden of proving that each of the alleged dependents was a "dependent" during 1950 within the provisions of section 25(b). The petitioner's brother, *295 Alexander Miller, and sister-in-law, Betty Miller, testified in this proceeding. Their testimony, together with that of petitioner, establishes that the petitioner contributed more than one-half of the support of each of the children, Arthur and Meline, during 1950, and that the two children were dependents of the petitioner. It is held that the petitioner is entitled to two dependency credits because of his contributions to the support of his nephew and niece. Upon the record before us, it cannot be found or held that the petitioner's brother, Samuel, was his "dependent" within the provisions of section 25(b)(1)(D) and (b)(3) during 1950. In support of his contention that his brother, Samuel, was his dependent, the petitioner relies solely upon his own testimony. Samuel did not appear before the Court and he did not give any testimony in support of petitioner's claim. It is found that the petitioner contributed to his brother's support during 1950. It is also found that Samuel was unemployed during 1950. However, the record indicates that Samuel possessed savings and that he had been employed prior to 1950. The evidence falls short of proving that Samuel received over one-half *296 of his support during 1950 from the petitioner. The petitioner's burden of proof is not discharged by his own self-serving testimony which merely reiterates the claim for a credit which was made in his return. , affd. . The petitioner did not keep records of his alleged contributions to the support of his brother, Samuel. This Court has pointed out that credits against net income, like deductions from gross income, are matters of legislative grace, and are allowable only where the conditions which have been prescribed by Congress have been met and satisfied. . It is not enough for a taxpayer to show that he has contributed to the support of a person who comes within the definition of a dependent in section 25(b)(3). It must be shown, inter alia, that the alleged dependent received over half of his support from the taxpayer who claims him as a dependent. The record shows that petitioner's brother, Samuel, was living with the petitioner at the time of the trial of this proceeding. The record does not show any good reason why Samuel was not produced by the petitioner to *297 testify in this proceeding in support of petitioner's claim. Respondent's disallowance of a dependency credit for petitioner's brother, Samuel, is sustained. Decision will be entered under Rule 50.